UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CADLEWAY PROPERTIES, INC, ) | | |
|     Plaintiff, ) | | |
|   v. ) | | CIVIL NO.  1:04cv441 |
| 5620 INDUSTRIAL ROAD, LLC, RICHARD ) | | |
| A.  MAGLEY, OSSIAN STATE BANK, ) | | |
| SMALL BUSINESS ADMIN., TERRI L. ) | | |
| MAGLEY, and WAYNE FASTENERS, ) | | |
|     Defendants. ) | | |
| _____ ) | | |
| OSSIAN STATE BANK, ) | | |
|     Counter/Cross and Third Party Plaintiff, ) | | |
|   v. ) | | |
| RICHARD A.  MAGLEY, 5620 INDUSTRIAL ) | | |
| ROAD, LLC, SMALL BUSINESS ADMIN., ) | | |
| CADLEWAY PROPERTIES, INC., and ) | | |
| TERRI L.  MAGLEY, ) | | |
|     Counter/Cross Defendants, ) | | |
|   v. ) | | |
| BENTZ MOBILE PRODUCTS, INC., MARY ) | | |
| ALICE MAGLEY, THE PERFECTION ) | | |
| COMPANY, INC., PERFECTION SPECIAL ) | | |
| TRUCKS, INC., LUSCOMBE HOLDINGS, ) | | |
| INC., NORTHERN TRUCK FABRICATION, ) | | |
| INC., 503 EAST BROAD STREET, LLC., ) | | |
|     Third Party Defendants. ) | | |
| _____ ) | | |
| UNITED STATES OF AMERICA, ) | | |
|     Cross/Counter Third-Party Plaintiff, ) | | |
|   v. ) | | |
| CADLEWAY PROPERTIES, INC., ) | | |
|     Counter-Defendant, ) | | |
|   v. ) | | |
| 5620 INDUSTRIAL ROAD, LLC, RICHARD ) | | |
| A.  MAGLEY, OSSIAN STATE BANK, ) | | |
| TERRI L.  MAGLEY and WAYNE ) | | |
| FASTENERS, ) | | |
|     Cross-Defendants, ) | | |
|   v. ) | | |
| CIB, INC.  d/b/a BENTZ MOBILE ) | | |
| PRODUCTS, and MARY ALICE MAGLEY, ) | | |
|     Third Party Defendants. ) | | |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by the plaintiff, Cadleway Properties Inc. ("Cadleway"), on September 22, 2005. On November 4, 2005, defendant and third party plaintiff, Ossian State Bank ("Ossian"), filed a combined opposition to Cadleway's motion for summary judgment and brief in support of its own motion for partial summary judgment. Also on November 4, 2005, defendant Richard A. Magley, proceeding pro se, filed a joinder in Ossian's motion for partial summary judgment. On November 18, 2005, Cadleway filed a "Statement of Genuine Issues" in opposition to Ossian's motion for partial summary judgment. Also on November 18, 2005, Cadleway filed a "Memorandum in Opposition to Ossian State Bank's Motion for Partial Summary Judgment and in Support of the Motion for Summary Judgment Filed by Cadleway Properties, Inc."

Also before the court is a motion to dismiss filed on September 28, 2005, by Richard A. Magley, proceeding pro se, alleging lack of prosecution. Ossian responded to the motion to dismiss on October 10, 2005.

## Discussion

The court will first discuss the motion to dismiss filed by defendant Richard A. Magley, pro se. In his motion, Magley states that he: "moves the Court to dismiss all pending claims, cross-claims, and counterclaims by Plaintiff, Defendants, Cross/Counter Third Party Plaintiff, Third Party Defendants, Counter-Defendant, and Caraways-Defendants for lack of prosecution by all of said other respective parties."

In response, Ossian contends that the motion to dismiss should be summarily denied and recites the following procedural history. Separate actions were brought by Ossian and Cadleway against Magley and various of Magley's entities. The Cadleway action came first. However,

both cases were removed to this court from state court by the United States Small Business Administration.  Following their removal, the pleadings in the two cases closed on March 8, 2005, and a Motion to Consolidate the cases was filed by Ossian on April 4, 2005.  The court granted the Motion to Consolidate, consolidating the cases into the first filed case of <u>Cadleway Properties, Inc.  v.  5620 Industrial Road, LLC, et al.</u>, Cause No.  1:04cv441, on April 27, 2005.

Shortly thereafter, on May 9, 2005, Ossian filed its motion for summary judgment against Richard A.  Magley, individually, and each of the Magley entities, which included Magley's liability on certain personal guaranties.  Ossian's counsel entered into negotiations with Magley's then counsel, Douglas Adelsperger, relating to the entry of an agreed summary judgment.  Magley would only agree to a partial summary judgment which deferred any liability on his personal guaranties.  Thus, an Agreed Partial Summary Judgment was tendered to the court on June 10, 2005, resolving all issues with the exception of the Magley guaranties.  On June 15, 2005, the undersigned issued the Partial Summary Judgment Order agreed to by the parties.

Ossian filed its Notice of Marshal's Sale on June 30, 2005, initiating the sale proceedings.  On August 23, 2005, the Marshal's Sale occurred, with Ossian being the successful bidder.  On September 14, 2005, Ossian moved for confirmation of the sale, along with the Report of Marshal's Sale.  The sale of the South Whitley property was confirmed on September 15, 2005, and the Marshal's Deed was issued on September 29, 2005, and duly recorded in the Office of the Whitley County Recorder on October 7, 2005.  On September 28, 2005, Magley filed the instant Motion to Dismiss for lack of prosecution.

Ossian argues that the procedural history makes clear that it has not been sitting on its

3

rights in this matter, and has prosecuted this matter with reasonable dispatch. Ossian states that it was Magley, through his counsel, who requested and received a deferral of any issues relating to liability on his personal guaranties.

In reviewing a case for want of prosecution pursuant to Rule 41 of the Federal Rules of Civil Procedure, this court should consider the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the court's calendar and time, the prejudice, if any, to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents. Aura Lamp and Lighting, Inc. v. International Trading Corp., 325 F.3d 903, 908 (7th Cir. 2003).

This court agrees with Ossian that none of the factors listed above have been shown by Magley to have occurred. In fact, the record in this case fully supports Ossian's position that it has prosecuted this matter with reasonable dispatch. Accordingly, Magley's motion to dismiss will be denied.

The court will now turn to Cadleway's motion for summary judgment, and Ossian's cross-motion for partial summary judgment. The following facts are alleged by Cadleway to be undisputed. On April 1, 2001, defendant 5620 Industrial Road, LLC ("5620 LLC"), executed and delivered to Bank One Indiana, N.A., its Installment Business Loan Note where it agreed to pay the sum of One Hundred Fifty Thousand Six Hundred Forty-Eight and 00/100 Dollars ($158,648.00), plus interest, together with attorney fees in the event of default. On April 29, 2004, this Note was assigned to Cadleway.

According to Cadleway, 5620 LLC has defaulted under the terms of the Note in that it has failed to make the monthly payments as prescribed and in spite of demand upon 5620 LLC for payment, 5620 LLC has failed and refused to pay. Pursuant to the terms of said Note, Cadleway has declared an acceleration of the Note and Mortgage and as a result, the entire amount of principal and interest is now due and owing. Cadleway claims that there is now due and owing to Cadleway an unpaid balance of One Hundred Seventy-Six Thousand Four Hundred Seventeen and 46/100 Dollars ($176,417.46), including delinquent and accumulated interest as of June 30, 2005, with interest accruing to the terms of the Note after said date at the rate of $38.27 per diem.

The defendant, Richard A. Magley, as an inducement for Bank One Indiana, N.A. to extend credit to 5620 LLC, guaranteed the prompt and full repayment of all obligations recited in the Installment Business Loan Note. Said Installment Business Loan Note was assigned to Cadleway on April 29, 2004. Cadleway claims that Richard A. Magley has failed and refused to abide by the terms of the guaranty in that he has made no payment to Cadleway. Cadleway further claims that Richard A. Magley has breached the guaranty and there remains due and owing to Cadleway the sum of $176,417.46, plus interest and attorney fees.

This last point, Richard A. Magley's guaranty, is the subject of Ossian's motion for partial summary judgment (and opposition to Cadleway's motion for summary judgment). Ossian has taken the position that although Richard Magley's guaranty was assigned by Bank One to Cadleway, it was thereafter assigned to Ossian by Cadleway, and it is therefore owned by Ossian State Bank. According to Ossian, Cadleway lacks any right to enforce the guaranty.

Ossian recites the transactions at issue as follows. On or about March 30, 1999, in

5

consideration for various loans and lines of credit in the aggregate amount of $1.6 million, Richard Magley issued to NBD Bank, N.A. (NBD), the predecessor in interest to Bank One, a Mortgage of the entire indebtedness, consisting of various notes and guaranties of Richard Magley and his various companies to NBD.  The Mortgage was recorded on April 5, 1999 in the Office of the Recorder of Allen County, Indiana.  The property secured by the Mortgage was that property commonly known as 5620 Industrial Road, Fort Wayne, Indiana 46825.

At the time of the $1.6 million loan transaction with NBD, Richard Magley was the owner of the property commonly known as 5620 Industrial Road, pursuant to two Corporate Deeds from Advanced Mixer, Inc., to Richard A.  Magley, dated April 12, 1995, and recorded in the Office of the Recorder of Allen County, Indiana.  These Deeds were recorded on April 13, 1995.  However, on January 5, 2001, Magley quit-claimed his interest in and to the real estate located at 5620 Industrial Road to his limited liability company named 5620 Industrial Road, LLC.  That Quit-Claim Deed was issued on December 20, 2000, and recorded on January 5, 2001.

After the quit-claim of Magley's interest in the property commonly known as 5620 Industrial Road to the LLC, the LLC entered into a separate Note and Mortgage to Bank One, NBD's successor in interest, on May 18, 2001.  This Mortgage was recorded on May 22, 2001, in the Office of the Recorder of Allen County.  Richard Magley guaranteed this obligation as well.

Bank One assigned to Cadleway all of its right, title, and interest in and to the Mortgage dated March 30, 1999, granted by Richard Magley to NBD and the May 18, 2001, Mortgage granted by 5620, LLC to Bank One.  The assignment of the March 30, 1999, Mortgage occurred

on December 4, 2003, and was recorded in the Office of the Recorder of Allen County on January 6, 2004.  The assignment of the May 18, 2001 Mortgage from Bank One to Cadleway occurred on October 8, 2003, although it was not recorded until January 25, 2005 in the Office of the Recorder of Allen County.

On December 30, 2003, Cadleway and Ossian entered into an Agreement to Purchase Loans, wherein Cadleway and its principal, David Cadle, warranted that Cadleway had good title to the Indebtedness, and that Ossian would receive good title to the Indebtedness, in return for payment from Ossian to Cadleway in the sum of $275,000.00

Thus Ossian maintains that Cadleway assigned to Ossian all of its right, title and interest in and to the Mortgage from Richard Magley to NBD in the principal sum of $1.6 million, dated March 30, 1999, "together with all contracts and promissory notes secured by the Mortgage." This Mortgage/Deed of Trust Assignment was recorded in the Office of the Recorder of Allen County on February 24, 2004.  The March 30, 1999, Mortgage contains the following dragnet provision:

> **Cross/Lien**.  The debt shall also include all other present and future, direct and indirect obligations and liabilities of the Mortgagor, or any one or more of the, with or without others, to the Mortgagee or any of its affiliates up to a maximum of $1,600,000.00.  This shall not apply to any obligation or debt incurred for personal, family, or household purposes unless the Note or Guaranty expressly states that it is secured by this Mortgage.

The Mortgagor of the 1999 Mortgage was Richard Magley.  Thus, all of Magley's "present and future, direct and indirect," indebtedness to the Bank was secured by the March 30, 1999 Mortgage.

Ossian directs the court to the following legal analysis to support its position.  Under

7

Indiana law, the assignee of a mortgage obtains all rights held by the original mortgage holder. Strafford v. Lane, 24 N.E 683, 685 (1890). Upon an assignment of a mortgage, the assignee becomes "vested with all the rights, powers and equities of the original mortgagee." Finlayson v. Waller, 134 Pac.2d 1069, 1072 (Idaho 1943), citing Mitchell v. Koch, 95 N.E.2d 231 (Ind. 1911). Thus, asserts Ossian, Cadleway "stands in the shoes of the assignor", Bank One, in connection with these transactions. Porter v. Bankers Trust Co. of Calif., N.A., 771 N.E.2d 901, 905 (Ind. App. 2002).

Certain rights under a mortgage can be retained by the original holder if specifically contracted as such. National City Bank of Indiana v. Morris, 717 N.E.2d 934, 936 (Ind. App. 1999). However, Ossian contends that no such rights were carved out for retention by either Bank One or Cadleway in this case. The Assignments from Bank One to Cadleway clearly state that Bank One is assigning "all right, title, and interest in and to" the Mortgages provided by Magley on March 30, 1999, as well as those provided by 5620 Industrial Road, LLC, on May 18, 2001. No rights were retained under either Assignment. As a result, claims Ossian, Cadleway was assigned the Magley Guaranty of 5620 LLC's indebtedness on October 8, 2003, the date of Bank One's assignment of 5620 LLC's mortgage, not April 29, 2004, as Cadleway claims.

As noted, Ossian argues that the February 19, 2004 assignment of the March 30, 1999 Mortgage from Cadleway to Ossian expressly includes the assignment of "all contracts and promissory notes secured by the Mortgage." Ossian claims that the dragnet clause in the Mortgage renders the Guaranty by Magley of his LLC's indebtedness to be a "contract secured by the Mortgage." According to Ossian, because the May 18, 2001 Guaranty of Richard Magley constitutes a contract secured by the March 30, 1999 Mortgage, Cadleway assigned the Guaranty

8

upon which they seek judgment in this case to Ossian State Bank when it assigned the March 30, 1999 Mortgage to Ossian on February 19, 2004.  Ossian further argues that even without the dragnet clause language, the law of assignment provides Ossian with all of the rights of Bank One and Cadleway relating to enforcement of the Guaranty.  Thus, concludes Ossian, Cadleway has no standing or other rights to present this claim, as any such claim under the Guaranty is a right which has been assigned by Cadleway to Ossian.

In response to Ossian's motion for partial summary judgment, Cadleway acknowledges that Ossian correctly states Indiana law, but claims that Ossian has misapplied the facts of this case to that law.  However, Cadleway ignores the dragnet clause in the March 30, 1999 mortgage, and simply states that when the March 30, 1999 mortgage (which was assigned to Cadleway on December 4, 2003), was re-assigned to Ossian on February 19, 2004, the assignment did not include the May 18, 2001 mortgage which was guaranteed by Magley.  While it is true that the assignment did not specifically mention the May 18, 2001 mortgage or the Magley Guaranty, it is clear (as Ossian argues) that the March 30, 1999 mortgage secures "all other present and future, direct and indirect obligations and liabilities of the Mortgagor (Magley) to the Mortgagee (Bank One).  It is also clear (in fact, Cadleway has not specifically argued otherwise), that the Magley Guaranty is an indirect obligation and liability of Magley to Bank One, its successors and assigns.  Thus, by virtue of this dragnet clause, the May 18, 2001 mortgage, and the Magley Guaranty, was assigned to Ossian when the March 30, 1999 mortgage was assigned to Ossian on February 19, 2004.  Thus, Ossian is the true owner of the Guaranty and its motion for partial summary judgment will be granted.  Likewise, Cadleway's motion for summary judgment will be denied.

<u>Conclusion</u>

Based on the foregoing, Richard A. Magley's Motion to Dismiss is hereby DENIED. Further Cadleway's motion for summary judgment is hereby DENIED, and Ossian's motion for partial summary judgment is hereby GRANTED.

Entered: February 16, 2006.

<u>s/ William C. Lee</u>
William C. Lee, Judge
United States District Court
